KAREN P. HEWITT
United States Attorney
MICHELLE M. PETTIT
Assistant U.S. Attorney
California State Bar No. 253406
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone No.: (619) 557-7450
Facsimile No.: (619) 235-2757
Email: michelle.pettit@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ORLANDO DUARTE-CELESTINO,<br><br>Defendant. | Criminal Case No. 08CR0325-W<br><br>District Judge: Hon. Thomas J. Whelan<br>Date: April 28, 2008<br>Time: 2:00 p.m.<br><br>**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S CHALLENGE TO MAGISTRATE JUDGE'S DISMISSAL WITHOUT PREJUDICE AND REQUEST FOR SANCTIONS** |

Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and Michelle M. Pettit, Assistant U.S. Attorney, hereby files its Response and Opposition to Defendant's Challenge to the Magistrate Judge's Dismissal without Prejudice and Request for Sanctions, filed by Defendant Orlando Duarte-Celestino ("Defendant"). This Response and Opposition is based upon the files and records of this case.

The United States advanced a lawful and timely prosecution for an admitted violation of law over a short three-week period. The case involved no undue delay or prejudice to Defendant. To the contrary, Defendant, who was of limited means, was released on a minimal bond of $5,000 and provided a stable place to reside to ensure he could be located him during the pendency of his trial.

//

1

# I

2

## STATEMENT OF FACTS

3      On January 24, 2008, Defendant voluntarily spoke to officers of the San Diego Police

4   Department regarding a murder investigation.  After being advised of his Miranda rights, Defendant

5   claimed to have resided in the United States since he was sixteen years old and stated that he had

6   an I-551 legal permanent resident card.  When asked to produce his I-551 card, he stated that it had

7   been stolen and that it cost too much for him to replace it.  On January 28, 2008, Immigration and

8   Customs Enforcement (ICE) placed an immigration detainer on Defendant, and he was subsequently

9   transferred to ICE custody.

10      On February 1, 2008, Defendant appeared before the Honorable Barbara L. Major for his

11  initial appearance on a criminal complaint charging him with failure to possess an alien registration

12  in violation of Title 8, United States Code, Section 1304(e).  The United States moved to detain

13  Defendant based on risk of flight after receiving Pretrial Services' oral recommendation for

14  detention.[1]  Once the United States had the benefit of reviewing Defendant's full criminal history,

15  it withdrew its recommendation for detention and immediately contacted the assigned Federal

16  Defender, on February 4, 2008, to negotiate a personal appearance bond.  On February 5, 2008, the

17  United States officially withdrew its detention motion and recommended a personal appearance

18  bond signed by two financially responsible adults.  Magistrate Judge Major set the bond at a $5,000

19  personal appearance bond secured solely by Defendant's signature with the condition that Defendant

20  reside in a halfway house approved by Pretrial Services.

21      On February 7, 2008, Defendant was arraigned on a one-court Information for a failure to

22  possess an alien registration in violation of Title 8, United States Code, Section 1304(e).   On

23  February 19, 2008, the United States moved to dismiss the case against Defendant without prejudice

24  in the interest of justice, and Magistrate Judge Major dismissed the case on February 21, 2008.

25  //

26  //

27

28      [1] No Pretrial Services Report was available at the time of the initial appearance.

On February 7, 2008, the United States received a faxed letter from defense counsel addressed to Special Agent Haynes. (Exhibit 1) It stated that Defendant still had not replaced his I-551 card.

## II

## ARGUMENT

### A.     THE MAGISTRATE JUDGE PROPERLY DISMISSED THE CASE WITHOUT PREJUDICE

Defendant argues that the Magistrate Judge Major should have dismissed the case with prejudice. Federal Rule of Criminal Procedure 48 is silent on whether a case should be dismissed with or without prejudice. The Ninth Circuit, however, held in United States v. Simmons, 536 F.2d 827, 836 (9th Cir. 1976), that even when a court has the inherent power to dismiss a case with prejudice, "such power should be utilized with caution, and only after a forewarning to prosecutors of the consequences."

Defendant unsuccessfully attempts to distinguish Simmons from the case at bar. First, Defendant claims that, unlike Simmons, this case involves a Constitutional violation, but he fails to specify which Constitutional right has been violated and what evidence demonstrates the alleged violation. This failure is no accident as Defendant has suffered no Constitutional injury.

Second, Defendant cites three Ninth Circuit cases for the proposition that the Court should have dismissed the case with prejudice due to misconduct or bad faith on the part of the United States. These cases neither limit Simmons nor require dismissal of the case with prejudice. In United States v. Hattrup, 763 F.2d 376 (9th Cir. 1985), a critical witness for the United States failed to appear on the day of trial, thereby preventing the United States from proceeding. On the court's own motion the case was dismissed with prejudice after the United States requested a continuance to try to secure the witness' appearance. Id. at 377. The Ninth Circuit overturned the District Court's decision to dismiss with prejudice because the Court found no misconduct by the United States or prejudice to the defense. Id. at 378. Defendant, like the defendant in Hattrup, has also failed to demonstrate misconduct or prejudice.

1    In <u>United States v. Towill</u>, 548 F.2d 1363, 1370 (9th Cir. 1985), the United States moved

2  to dismiss an indictment without prejudice pending the disposition of appellate proceedings, but

3  the court dismissed with prejudice due its belief that the United States' "maneuvering was a

4  continuing effort to ignore prior court orders"that would result in an undue delay and prejudice

5  to the defendant.  There have been no court orders or any unnecessary delays in this matter.

6    Finally, the circumstances of <u>United States v. Hayden</u>, 860 F.2d  1483, 1485 (9th Cir.

7  1988) are unlike the current case because the dismissal with prejudice occurred when the

8  defendant in <u>Hayden</u> was reindicted.  It is noteworthy in <u>Hayden</u> that after the district court

9  denied the United States' request for a continuance, the court granted the motion to dismiss the

10  initial indictment without prejudice in accordance with Rule 48(a).  <u>Id.</u> at 1484.  The Ninth

11  Circuit reversed the lower court decision to dismiss the second indictment with prejudice

12  because there was no proof of bad faith on the part of the United States; specifically, the district

13  court was unable to conclude that the United States dismissed the indictment to circumvent the

14  court's denial of  the continuance motion.  <u>Id.</u> at 1487-1489.

15    The United States advanced a lawful and timely prosecution.  Defendant therefore has no

16  evidence of bad faith or prejudice.  His motion should be denied.

17    **B.    THE COURT SHOULD NOT SANCTION THE UNITES STATES**

18    Defendant argues that the Court should order an evidentiary hearing regarding the United

19  States' motive for prosecuting this case and then argues for the Court to order the United States

20  pay the Defendant for his days in custody, days in the halfway house, and representation by

21  Federal Defenders.  Defendant implies that the United States committed prosecutorial

22  misconduct for charging him with a valid violation of the United States Code after he admitted to

23  the violation.[2]  Defendant, mean while, continues to violate the law by failing to replace his I-

24  551 card, as evidenced by Exhibit 1.  His attorney's request that the United States to pay for

25  Defendant's days in custody and his two-week stay at the halfway house deliberately ignore the

26  _____

27  [2]    Defendant's argument that the United States rarely charges a violation of 8 U.S.C. § 1304(e)
in isolation is irrelevant.  It is a valid criminal offense that can be charged with other violations or

28  in isolation.  Defense counsel's Westlaw search is limited to appellate cases and provides invalid
data for the frequency in which violations of 8 U.S.C. § 1304(e) are charged.

fact that Defendant is a homeless man for whom government housing was the only stable

solution.  Additionally, Defendant requests reimbursement for attorney's fees when it is the

defense attorney himself that chose to appeal the decision of the Magistrate Judge Major when

he had already received a victory for his client by all charges being dismissed.  Defendant has

sited no violation of any "recognized statutory, procedural, or constitutional right" that warrants

addressing by this Court.  See United States v. Woodley, 9 F.3d 774, 782 (9th Cir. 1988).

### C.    ALL APPROPRIATE DISCOVERY HAS BEEN PRODUCED

Defendant argues that the United States should be ordered to produce discovery after the case

has been dismissed.  The United States produced all required discovery in accordance with Federal

Rule of Criminal Procedure 16, on February 6, 2008, prior to the charges being dismissed on

February 21, 2008.[3/]  No further production of discovery is warranted in this case.

### III

### CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendant's Motion

to order the production of discovery, dismiss the Information with prejudice, and grant an

evidentiary hearing.

Dated: April 21, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Michelle M. Pettit
MICHELLE M. PETTIT
Assistant U.S. Attorney

---

[3]  Additionally, the United States specifically complied with the requirements for discovery in accordance with United States v. Armstrong, 517 U.S. 456 (1996).

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0325-W |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| ORLANDO DUARTE-CELESTINO, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Michelle M. Pettit, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S CHALLENGE TO MAGISTRATE JUDGE'S DISMISSAL WITHOUT PREJUDICE AND REQUEST FOR SANCTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Todd W. Burns**
Federal Defenders of San Diego
225 Broadway
Suite 900
San Diego, CA 92101-5008

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 21, 2008.

*s/Michelle M. Pettit*
MICHELLE M. PETTIT
Assistant U.S. Attorney

08CR0325-W