TODD W. BURNS
California State Bar No. 194937
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone No. (619) 234-8467
Email: Todd_Burns@fd.org

Attorneys for Mr. Duarte

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE THOMAS J. WHELAN)

| UNITED STATES OF AMERICA, | ) Criminal No. 08CR0325-W |
|---|---|
| Plaintiff-Appellee, | ) Date: April 28, 2008 |
| | ) Time: 2:00 p.m. |
| v. | ) |
| | ) DEFENDANT/APPELLANT'S |
| ORLANDO DUARTE-CELESTINO, | ) REPLY BRIEF CHALLENGING |
| | ) MAGISTRATE JUDGE'S DISMISSAL |
| Defendant-Appellant. | ) WITHOUT PREJUDICE, AND |
| | ) REQUESTING SANCTIONS |

## I.

## INTRODUCTION

On April 4, 2008, Orlando Duarte-Celestino filed his opening brief appealing the Magistrate Judge's refusal to dismiss the above-captioned case with prejudice, and requesting the Court compel discovery and impose sanctions. On April 21, 2008, the government filed a response, and made factual claims nowhere supported in the record, an unusual approach on appeal. The government didn't even support any of its extra-record fact claims with a declaration, as required by Local Rule of Criminal Procedure 47.1(g). Finally, the government's assertions are mostly wrong, or misleading. Accordingly, Mr. Duarte responds below.

//
//
//
//

## II.

## RESPONSES TO GOVERNMENT'S INTRODUCTION AND "STATEMENT OF FACTS"

Below, Mr. Duarte responds to several claims made by the government in the introduction and "statement of facts" sections of its brief.

### A. Government's Claim Mr. Duarte Suffered "No Undue Delay Or Prejudice"

The government claims Mr. Duarte suffered "no undue delay or prejudice," because he was "of limited means" and was "provided a stable place to reside . . . " 4/21/08 Gov't Brief at 1. This is a weak attempt to rationalize the government's illegal actions by claiming Mr. Duarte was better-off locked up.

### B. Claim Mr. Duarte "Voluntarily Spoke To Officers Of The San Diego Police Department"

The government claims Mr. Duarte "voluntarily spoke to officers of the San Diego police department." 4/21/08 Gov't Brief at 2. The government chooses to ignore that Mr. Duarte was illegally arrested,[1] as set out in his motion papers filed February 11, 2008. See 2/11/08 Duarte Memo. at 6. In addition, the government claims Mr. Duarte made statements with respect to his green card after being advised of his Miranda rights. That is untrue; as discussed in Mr. Duarte's motion papers, he was questioned about his green card before being advised of Miranda rights.[2] See 2/11/08 Duarte Memo. at 3-4.

### C. Government Claim That ICE Placed An Immigration Hold On January 28, 2008, And Mr. Duarte Was "Subsequently Transferred To ICE Custody"

The government claims on "January 28, 2008, [ICE] placed an immigration detainer on [Mr. Duarte], and he was subsequently transferred to ICE custody." 4/21/08 Gov't Brief at 2. This is misleading. As set out in Mr. Duarte's moving papers, ICE Agent Michael Haynes put an immigration hold on Mr. Duarte on January 28, because the San Diego police had run over the time they could legally hold Mr. Duarte. ICE didn't actually pick up Mr. Duarte until January 31, 2008 (and they returned him to the County Jail that night), and didn't take him to federal court until February 1, 2008. See 2/11/08 Duarte Memo. at 4, 8. The delay in

---

[1] The Assistant District Attorney involved in the murder investigation has confirmed there was no arrest warrant, one of many issues on which the federal government has stonewalled. Moreover, the arrest occurred inside a home where Mr. Duarte was staying as an overnight guest. See Declaration of Todd Burns (Exhibit A).

[2] Notably, Mr. Duarte's moving papers were supported by declarations and documents.

charging Mr. Duarte, and taking him to court, were both statutory and constitutional violations, and were driven by the desire to hold Mr. Duarte for the San Diego police.

### D. The Government's Attempt To Blame Pre-Trial Services For Its Abusive Motion To Detain

The government attempts to blame Pre-Trial Services ("PTS") for its ridiculous motion to detain, claiming the government's motion was somehow due to a PTS "oral recommendation."[3] 4/21/08 Gov't Brief at 2. Assuming there was such a recommendation, the government cannot credibly blame PTS,[4] which presumably wasn't involved in the government's subterfuge. To the extent the government is saying it moved to detain because PTS didn't provide a report with Mr. Duarte's criminal history at the initial appearance, that is hardly a basis for detention, and ignores: (1) the detainer was placed four days earlier, ample time to run Mr. Duarte's criminal history; (2) the government knew Mr. Duarte's criminal history, and included it in the magistrate information sheet accompanying the complaint; and (3) as a legal permanent resident, the government could be sure Mr. Duarte had suffered no serious prior convictions. The fact is, the government moved to detain a man accused of the least serious offense known in federal law, not the type of offense for which detention is permitted. The motive was obvious, and improper.

### E. The Government's Claimed Attempt To "Negotiate A Personal Appearance Bond"

Implying it acted in good faith, the government claims it withdrew its detention motion and "contacted [defense counsel] to negotiate a personal appearance bond." 4/21/08 Gov't Brief at 2. Of course, that was after taking advantage of the Bail Reform Act to have Mr. Duarte held for an additional five days without conditions of release. In addition, in the phone call referenced by government counsel, defense counsel made clear that there were no one who could sign on bond for Mr. Duarte, yet the government went ahead and recommended a bond secured by the signature of two adults, other than Mr. Duarte. That is, the government effectively continued to recommend detention.

//

---

[3] Incidentally, the government provides no record-cite for that claim.

[4] Of course, assuming such a PTS recommendation was made, on a case involving a charge with a thirty-day maximum sentence, this was not PTS's proudest moment.

**F.     The Government Ignores The Timing Of Its Motion To Dismiss**

The government points out that it moved to dismiss on February 19, 2008, but fails to mention that it did so one minute before its response to defense motions was due. See 4/21/08 Gov't Brief at 2. Thus, as with its motion to detain, it milked the system, then cut-and-ran at the last moment to avoid accountability.

**G.     The Government's Claim It Dismissed In The "Interest Of Justice"**

The government notes it moved to dismiss in the "interest of justice." 4/21/08 Gov't Brief at 2. As in its sparsely-worded motion to dismiss, the government doesn't explain, what was that interest of justice? There was no interest in justice involved, just the government trying to avoid scrutiny of its abusive actions.

**H.     The Government's Claims Regarding Mr. Duarte Not Replacing His Green Card**

The government notes that defense counsel sent a letter to the ICE Case Agent, Michael Haynes, on February 7, 2008, in which defense counsel asked for guidance as to what Mr. Duarte could do to be compliant with the law, considering that he could not afford the $370 replacement fee for his green card. See 4/22/08 Gov't Brief at 3 and Exhibit 1 attached thereto. The government later chastises Mr. Duarte based on this letter, claiming he "mean while [sic], continues to violate the law by failing to replace his I-551 card, as evidenced by Exhibit 1." 4/22/08 Gov't Brief at 4.

Mr. Duarte was released from federal custody on February 6, after being "processed" by Agent Haynes, the person who arrested him. Agent Haynes sent Mr. Duarte back out on the street without a green card, or alternative ID (as provided for in the relevant statute) that would prevent him from being in violation of 8 U.S.C. §1304(e). In an effort to have Mr. Duarte be in absolute compliance with the law, defense counsel not only wrote Agent Haynes on February 7, he wrote Agent Haynes twice more, on February 20 and 29 (Exhibit A), and copied Ms. Pettit on all three letters. Neither Agent Haynes nor Ms. Pettit has replied. The government's pretend indignation aside, this shows what is already obvious: the government didn't (and still doesn't) care about the technical offense of an indigent person not having a green card he cannot afford to replace; they used this as a ruse to hold Mr. Duarte for the San Diego police.

### III.

### RESPONSES TO GOVERNMENT'S "ARGUMENTS"

Below, Mr. Duarte responds to various claims made in the government's three argument sections relating to: (1) dismissal without prejudice; (2) sanctions; and (3) discovery.

A.  **Magistrate Judge's Dismissal Without Prejudice**

  1.  **Government's Claimed Ignorance As To What Constitutional Rights Were Violated, And What Evidence Establishes Those Violations**

The government asserts that "Mr. Duarte fails to specify which Constitutional right has been violated and what evidence demonstrates the alleged violation." 4/22/08 Gov't Brief at 3. The answer is clearly stated in Mr. Duarte's opening brief: "the whole prosecution was brought as a ruse to hold him for state authorities." 4/4/08 Duarte Brief at 7. Lest the government need more specificity, it can be found in Mr. Duarte's opening brief and moving papers, which detail the collusion of federal and state authorities to illegally detain Mr. Duarte, deny him due process, and deny him counsel. Those are violations of the Fourth through Sixth Amendments. Of course, the government's acting as a lackey for State authorities also violates basic federalism principles.

As for the evidence, it is set out in Mr. Duarte's moving papers and opening brief, and herein. Nor does the government deny what it did, or why. Of course, it is essential that there be a complete record in this regard, which is why the Court should order full discovery and an evidentiary hearing.

  2.  **Government's Claim Mr. Duarte Failed To Demonstrate Misconduct Or Prejudice**

Next, the government claims Mr. Duarte has "failed to demonstrate misconduct or prejudice." 4/21/08 Gov't Brief at 3. That government counsel thinks the government's abuse of the constitution and the justice system doesn't amount to misconduct is alarming, and points to the need for sanctions.

As far as prejudice, most people would view three weeks deprivation of liberty as prejudice. In addition, not having his motions litigated, and facing the potential of being picked up again on this same charge, and being held based on another specious detention motion, is prejudicial. That this is a significant possibility is evidenced by the government's steadfast objection to dismissal with prejudice.

The government also claims "[t]here have been no [violation of] court orders or unnecessary delays in his matter." 4/21/08 Gov't Brief at 4. This is wrong. There was unnecessary delay with respect to the government's ill-motivated motion to detain, and there was unnecessary delay because the government requested the case be drawn out for motions and trial, while Mr. Duarte remained detained. As for court orders, the government was ordered to respond to Mr. Duarte's motions by February 19, 2008. Instead of

complying, at the last minute the government moved to dismiss without prejudice, without giving any reason for doing so.

### 3. The Government's Response Highlights The Need For Discovery And An Evidentiary Hearing

The government attempts, unsuccessfully, to distinguish cases harmful to its position. Mr. Duarte will concede there is no case law on point, as the government is rarely so blatant in its abuse. But the Court doesn't need spot-on case law to tell it that the government's actions were abusive. Moreover, if the government wants to get into fine-tuned distinguishing of the facts involved in other cases, the Court will need to get to the bottom of what happened here, with compelled discovery and an evidentiary hearing.

## B. Request For Sanctions

### 1. Government Claimed Beneficence In Providing Free Room And Board

With respect to sanctions, the government claims it should not be sanctioned because Mr. Duarte "is a homeless man for whom the government housing was the only stable solution." 2/21/08 Gov't Brief at 5. Mr. Duarte would prefer to not be illegally arrested and detained, and the government's casual treatment of his liberty is disturbing, and all the more reason for sanctions.

### 2. Government Suggestion Mr. Duarte Should Walk Away With His "Victory"

The government suggests Mr. Duarte and his counsel should quit carping, and run along with Mr. Duarte's "victory," rather than litigating this matter further. Mr. Duarte doesn't consider what happened to him a victory, and that justice sometimes requires litigation is a fact of life.

### 3. The Government's Claim That "No Statutory, Procedural, Or Constitutional Right" Bears Addressing

The government claims Mr. Duarte has "sited [sic] no violation of any 'recognized statutory, procedural, or constitutional right' that warrants addressing by this Court." 2/21/08 Gov't Brief at 5 (quoting United States v. Woodley, 9 F.3d 774, 782 (9th Cir. 1988)). As Mr. Duarte's moving papers show, the San Diego police and the federal government violated numerous constitutional, statutory, and procedural rights.

## C. Government's Claim To Have Provided All Discoverable Material

The government claims it has "produced all required discovery in accordance with [Rule 16]" and United States v. Armstrong, 517 U.S. 456 (1996). 4/21/08 Gov't Brief at 5 & n.3. This, too, is untrue.

The entirety of the government-produced discovery is contained at Exhibit D to Mr. Duarte's February 11, 2008 moving papers. Those nineteen pages consist of the complaint, rap sheets, and a booking sheet. As for Rule 16, there are no agent or officer reports, no warrants, no inventory of items gathered, no information regarding Mr. Duarte's green card, none of Mr. Duarte's statements, *et cetera*. In short, the discovery produced covers almost nothing in required by Rule 16, and is worthless as far as the issues raised in this case.

As for the government's reference to Armstrong, the government seems to read that case as meaning that whenever there is a claim of selective prosecution, the government may withhold all discovery, including Brady material. Armstrong says nothing like this. At pages fifteen to seventeen of his February 11, 2008 moving papers, Mr. Duarte made clear the government's obligations to produce relevant discovery regarding its actions and motives in bringing this prosecution, and discussed Armstrong. Having no good, answer, the government cites Armstrong in a footnote without any discussion, not even a parenthetical as to the Court's holding.

## IV.

## CONCLUSION

The government's response further illustrates the need for the Court to compel discovery and hold an evidentiary hearing, and to sanction the government for its failure to even appreciate the impropriety of its conduct.

Respectfully submitted,

Date: April 23, 2008

*/s/ TODD W. BURNS*
TODD W. BURNS
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Duarte-Celestino
Todd_Burns@fd.org

# CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

    1 Courtesy Copy to    Honorable Thomas J. Whelan

    1 Copy via CM/ECF to    Michelle Pettit, AUSA

Dated: April 23, 2008          /s/ Todd W. Burns
                                          TODD W. BURNS
                                          Federal Defenders of San Diego, Inc.
                                          225 Broadway, Suite 900
                                          San Diego, CA 92101-5030
                                          (619) 234-8467 (tel)
                                          (619) 687-2666 (fax)
                                          e-mail: todd_burns@fd.org

# Exhibit Index

Exhibit A  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Exhibit B  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

# EXHIBIT A

TODD W. BURNS
California State Bar Number 194937
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone No. (619) 234-8467

Attorneys for Mr. Duarte

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE BARBARA L. MAJOR)

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                )<br>        Plaintiff,              )<br>                                )<br>v.                              )<br>                                )<br>ORLANDO DUARTE-CELESTINO.,      )<br>                                )<br>        Defendant.              )<br>_____) | CASE NO. 08CR0325-W<br><br>DECLARATION OF TODD BURNS |

I, Todd Burns, declare, under penalty of perjury:

1. I am appointed counsel in the above-captioned case.

2. I wrote Mr. Duarte's April 23, 2008 appeal reply brief.

3. The facts set out in that brief are based on what I have learned in representing Mr. Duarte, including, but not limited to, that he was arrested at a home where he was an overnight guest, there was not a warrant for his arrest, and I told government counsel there was no one to sign on a bond for Mr. Duarte.

I declare under penalty of perjury that the foregoing is true and correct. This document was executed on February 23, 2008, in San Diego, California.

_____
TODD BURNS

08CR0325

# EXHIBIT B

# FEDERAL DEFENDERS OF SAN DIEGO, INC.

The Federal Community Defender Organization for the Southern District of California

February 29, 2008

VIA FACSIMILE (619-557-7318) AND U.S. MAIL

Special Agent Michael Haynes
Immigration and Customs Enforcement
880 Front Street, Suite 123
San Diego, California  92101

Re: **United States v. Orlando Duarte-Celestino**
Case No. 08MJ0284

Dear Mr. Haynes:

I am writing to follow up my letters to you dated February 7 and 20, 2008. Mr. Duarte is presently living at 2871 Imperial Avenue in San Diego, 92102. I again request guidance as to what Mr. Duarte should do given that he cannot afford to purchase a replacement green card. I know you and the government think this is a very serious issue, since you arrested Mr. Duarte for this offense, and the prosecutor moved to detain him without bond. Accordingly, I request you promptly reply as to what Mr. Duarte should do so as not to again transgress the law.

Given the circumstances, please respond to this request promptly.

Sincerely,

TODD W. BURNS
Attorney for Mr. Duarte

cc: Michelle Pettit (via facsimile only)

NBC Building
225 Broadway
Suite 900
San Diego,
California
92101-5030
(619) 234-8467
FAX (619) 687-2666

2

**FEDERAL DEFENDERS OF SAN DIEGO, INC.**

The Federal Community Defender Organization for the Southern District of California

NBC Building
225 Broadway
Suite 900
San Diego,
California
92101-5030
(619) 234-8467
FAX (619) 687-2666

February 20, 2008

VIA FACSIMILE (619-557-7318) AND U.S. MAIL

Special Agent Michael Haynes
Immigration and Customs Enforcement
880 Front Street, Suite 123
San Diego, California 92101

      Re:    United States v. Orlando Duarte-Celestino
                Case No. 08MJ0284

Dear Mr. Haynes:

     I am writing to follow up my letter to you dated February 7, 2008, in which I ask you what my client, Orlando Duarte-Celestino, should do to avoid being again arrested for violating 8 U.S.C. §1304(e), given that he is financially unable to afford the $370 replacement fee for a new green card. This issue is taking on further urgency given that the government is moving to dismiss the charge against my client, who, as you know, is now living at Correctional Alternatives, 551 South Fifth Street, in San Diego.

     Given the circumstances, please respond to this request promptly.

                             Sincerely,

                             TODD W. BURNS
                             Attorney for Mr. Duarte

cc:    Michelle Pettit (via facsimile only)

3